UNITED STATES DISTRICT COURT

ERIC J DUARTE Pro Se
v
N.C.S.O., et al

IN CL.........

2024 JAN 16 PM 1: 17

RECEIVED IN CLERK'S OFFICE
DATE _____

ERIC J DUARTE
Bridgewater State Hospital
20 Administration Road
Bridgewater, MA 02324

NOTICE

Enclosed please find a complaint verified and supporting papers, please forward a copy of these papers to the parties named in the complaint due to regulations, I cannot receive any photo-copies while here other than 50 month I sent a complaint last week also I dont have any affidavits of indigencies at this facility.

Pro Se  ERIC J DUARTE - Cardoza
BSH, 20 Administration Road
Bridgewater, MA 02324    11/21/23

ERIC JOHN DUARTE - CARDOZA

COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORFOLK, ss:

Eric J Duarte   Pro Se

v

Norfolk County Sheriff Office, et al

(1) NORFOLK COUNTY
(2) Sheriff Patrick W. McDermott
(3) Superintendent Danielle Frane
(4) Assistant Deputy Bill Carteel
(5) Deputy Linsky
(6) Deputy James Gannon
(7) Deputy Thomas Brady
(8) Captain Steve Shingold
(9) Medical Director Deputy Tara Flynn
(10) Mental Health Director Anne Collins
(11) Captain Jack Kilrain, Jr.
(12) Captain John Cosgrave.
(13) Captain Kelly Cosgrave-Jenks
(14) Captain Russo

42 USC § 1983
42 USC § 1997e
Prison Litigation Reform Act

## I.  JURISDICTION

1.This jurisdiction is auothorized upon this court pursuant to Prison Litigation Reform Act, (PLRA) , No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, or other correctional facility under such administrative remedies as are exhausted.

2 This jurisdiction is invoked upon this court authorized by 28 USC$1343(a)(1)(2)(3), civil rights and elective francised , a case arising under the United States Constitution or federal laws or treaties is a federal questions case , 28USC$1367 plaintiff also seeks redress for violations of its members state law rights via supplemental jurisdiction.

3 This action arises under:

(a\  United States Constitution Amendments 1 , 4 , 5 , 14
(b\ Massachusetts Declaration of Rights Articles 1 , 10 , 12 , 14 , 1 Articles 16 , Articles 26  Cruel & Unusual Punishment

4 This Court is authorized to render injunctive relief pursuant Mass. Rules Civil Procedures Rule 65 , and pursuant 28USC2283 28USC2284

5 This Court is authorized to render declaratory judgment puruant to 28 USC$ 2201 & 28 Usc$2202, and to give authorization Federal Rules Civil Procedures Rule 57.                    $
$

Plaintiff Eric John Duarte is a Citizen of the United States , and a resident of the county of Norfolk , State of Massachusetts.

He sues on behalf of Administrator of his own Estate and own behalf of who have been subjected to and injured or who are and/or will be subjected to and injured by totality of conditions and practices of the Norfolk County Jail Facility which are violative of the Constitutional rights of plaintiffs , as well as other pre-trial detainees.

Plaintiff Eric John Duarte , AKA Eric John Cardoza DOB 10/06/1981 SS# 3796

Plaintiff was born in Fall River, Massachusetts , St. Annes Hospital

Plaintiff has been a pre-trial detainee since August 08, 2021 besides posting $ 1,000.00 bail on December 06, 2021 until January 13, 2022 , which he has been incarcerated since under the defendant Sheriff Patrick Mcdermott and Superintendant Danielle Frane care and custody , the person who is in direct care of plaintiff and who continue to refuses to care for him is Mental Health Director Anne Collins she is directly responsible for not following required protocols while she assisted the defendants in stalking to harass through electronic comm devices.

53. Defendant, Norfolk County Sheriff's Office, et al (NCSO, et al), Dedham House .

Correction & Jail ( DHOC/J ). Powers defined under ALM gl 126§ 4, 8 ;

54. At all times material hereto, the plaintiff was under the care and treatment of the

Defendant (NCSO) Norfolk County Sheriff Office , Sheriff Patrick W. Mcdermott and

Superintendant Danielle Frane by & through the defendant's servants, agents, employees,

and/or representatives (collectively officers).

Defendants Norfolk County is a body politic and corporate , duly organized and existing under the laws of the state of Massachusetts and pursuant to law is capable of being sued in this Court.

Defendant Norfolk County is responsible for the policies , practices and customs of its Sheriff Department , as well as the hiring , training , supervision , control and discipline of its Deputy Sheriff and jailors , Norfolk County is and was the employer of the police personnel named herein as individuals defendants.

Defendant Norfolk County is also responsible for the operation , practices , and totality of conditions of its jail facility.

Norfolk County acts or fails to act through its policy making officials , including , but not limited to its County Board members , the chairman of the County Board , members of the County Board Ad HOC building and Judicial and law enforcement committees , the Sheriff of Norfolk County , and the Jail Superintendent of Norfolk County, the acts and edicts of these policy making officials represent also the policies , practices and customs of Norfolk County.

Defendant Patrick W. Mcdermott is and was the Sheriff of Norfolk County , and in that capacity is and was responsible for establishing or failing to establish the policies , practices , and regulations for the conduct of the Norfolk County Sheriff Department and its employees. Defendant County Sheriff is and was responsible for the hiring , training , supervision , discipline , and control of all members of the Norfolk County Sheriff Department. Defendant County Sheriff is and was the commanding officer of the other police personnel named herein as individual defendants. Defendant County Sheriff is and was constitutionally and statutorily responsible also for the operation , practices , and totality of conditions of Norfolk County Jail Facility. Defendants County Sheriff at all times herein was acting in such capacity as the agents , servant , employee of Norfolk County.

Defendant County Sheriff is sued individually and in his official capacity and has a constitutional and statutory responsibilities for the conditions and practices of the Norfolk County Jail Facility , and defendant County Sheriff is also the custodian of the jail facility by virtue of ALM gl ch 127§1A, 9A,9B responsible for the neglect and omission of the duties of all deputy sheriff and jailors , by virtue of ALM gl sh 125§§3, 13 , and charged with furnishing necessary bedding , clothing , and medical aid for all persons detained in the jail facility , by virtue ALM gl ch. 126§33 and ALM gl ch. 124§1(a-q). In addition , defendant County Sheriff is and was responsible for the insuring that the deputy sheriff & jailors of the Norfolk County Sheriff Department obeyed regulations of the Norfolk County Sheriff Department , the ordinances and laws of Norfolk County , and the laws and constitution of the state of Massachusetts and the United States . Defendants County Sheriff is and was responsible also for the establishment of policies , procedures , and guidelines for the arrest , jailing and safekeeping of pre-trial detainees housed in the Norfolk County Jail Facility.

Defendant Danielle Frane is and was the Chief Jailor and Jail Superintendent of the Norfolk County Sheriff Department , and in that capacity is and was constitutionally and statutorily responsible also for the training , supervision , discipline , and control of all deputy jailors , as well as the operations , practices , totality of conditions of Norfolk County Jail Facility. Defendant Jail Superintendent has

statutorily responsible for also ensuring that Norfolk County Jail Facility conforms to the requirements of Massachusetts law , and the laws and Constitution of the United States.

20    In addition, defendant Jail Superintendent is and was responsible for the establishment of policies , procedures , and guidelines for the arrest , jailing , disciplinary process , crisis intervention , MH watches , and safekeeping of pre-trial detainees housed in the Norfolk County Jail Facility . Defendant agents, servant and employee of Norfolk County.

She is sued individually and in her official capacity.

21    Defendant Patrick Mcdermott , is County Sheriff has a constitutional and statutory responsibility for the conditions and practices of the Norfolk County Jail Facility , and defendant County Sheriff is responsible for maintaining the jail facility , and defnendant County Sheriff is responsible for maintaining the jail facility in conformity with constitutional requisite.

22    Defendant County Sheriff is also the custodians of the jail facility by virtue§§ ALM gl ch. 126 §§4 , 8 , responsible for the neglect and omissions charged with furnishing necessary clothing , bedding and medical aid for all persons detained in jail facility  by virtue § 13 DOC§630 ; ALM gl ch. 126§ 33.

23    In addition , defendant County Sheriff is and was responsible for insuring that the deputy sheriff and jailors of Norfolk County Sheriff Department obeyed regulations of the Norfolk County Sheriff Department , the ordinances and laws Norfolk County , and the laws and Constitution of the State of Massachusetts and the United States.

24    Defendant County Sheriff is and was responsible also for the establishment of policies , procedures , and guidelines , for the arrest , jailing and safekeeping of pre-trial detainees housed in Norfolk County Jail Facility.

25    Defendant Superintendent Danielle Frane is and was the chief jailor and Jail Superintendent of Norfolk County Sheriff Department , and in that capacity is and was constitutionally and statutorily responsible also for the training , supervision , discipline and control of all deputy jailors , as well as the operation , practices , and totality of conditions of the Norfolk County Jail Facility.

26    Defendant Jail Superintendent has statutorily responsibility also for ensuring that the Norfolk County Jail Facility conforms to the requirements of Massachusetts laws , and laws of constitution of the United States , in addition , defendant Jail Superintendent is and was responsible for the establishment of policies , procedures , and guidelines for the arrest , jailing , and safekeeping of pre-trial detainees housed in the

24    Norfolk County Jail Facility. Defendant Jail Superintendent , at all times herein , was acting in such capacity as the agent , servant and employee of Norfolk County.

(a) She is sued individually and in her official capacity.

25    Defendant Deputy Sheriff' is and was at all times of the Norfolk County Sheriff Department at all times relevant hereto , and at all times herein was acting in such capacity as the agents , servant and employee of Norfolk County.

(a) They are sued individually and in there official capacity

29    Defendants MHD Anne Collins , MD P.A. Pickett ,  Deputy Tara Flynn , Deputy Bill Casteel , Deputy Linsky , Deputy James Gannon , Deputy Thomas Brady , J. Davies , are & were board members of the Norfolk County Board , and at all times herein were acting in such capacity as the agents , servants, and employees of Norfolk County , the identity and number of said defendants are presently unknown to plaintiff.

## II STATEMENT OF FACTS

14. Defendant Special Assistant Attorney General Attorney Dan V. Bair, II , Commonwealth of Massachusetts Attorney General Office , powers defined under 42 USCS§ 1997e (a),(b) , a political subdivision of commonwealth of Massachusetts , State of Massachusetts , County of Norfolk.

Principal Place of Business: Attorney at Law , Dan V. Bair, II , 15 Foster Street , Quincy , MA 02169. He is sued in his individual and official capacity.

15. Defendant Patrick W. Mcdermott (Sheriff) is the elected Sheriff ALM gl 124§ 1 ; MGL ch 125 , section 1a ; MGL ch 126§ 1, 16 ; MGL ch 37§3 of Norfolk County Sheriff Office who, at all times relevant, has overseen operations at NCSO. He is a citizen of the commonwealth, County of Norfolk, State of Massachusetts. . He is sued in his individual and official capacity.

Principal place of business: Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, Mass 02071

16. Defendant, Superintendant Danielle Frane, MGL ch 125 § 1(p), 2, 14 ; MGL ch 126,§ 8(a), 16, is the head of the NCSO, DHOC and is responsible for act's and conduct of her subornidates and is further responsible for conditions under which defendants meet with plaintiff mind where he's forced to meet and confer. The act's and conduct herein complained of were done with the knowledge, permission, consent and participation of by defendants promulgates regulations, rules & directives governing the conditions under which defendants violate plaintiff rights of expectancy of privacy and is disregarded & permitted when defendant meet and confer plaintiff mind. Unless defendants are restrained & enjoined from engaging with acts, conduct visited upon plaintiff, plaintiff will be subjected to such unreasonable & unlawful conditions again. The existence of such outrageous conditions as visited upon _____ interferes with & restricts, intimidates plaintiff from practicing free speech. Plaintiff further pray that the court award reasonable attorney fees for the bringing of this action. (42 USC, 1988) She is the

jail's highest ranking official, citizen of the commonwealth, Town of Dedham, County of Norfolk, State of Massachusetts. . He is sued in his individual and official capacity. Principal place of business being: Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, Mass 02071

17.Defendant, (IPS) ADS Deputy Officer Bill Casteel, ALM gl 127§ 12, 33, 127 ; ALM gl 124§ 2 ; ALM gl 125§ 2 ; 103CMR522 Internal Affairs, He is a citizen of the commonwealth, Town of Dedham, County of Norfolk, State of Massachusetts. . He is sued in his individual and official capacity.

Principal place of business being: Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, Mass 02071.

18. Defendant Deputy Linsky, ALM gl. 124§1(b),(I,(q),(2) ; MGL ch 125,§ 2 ; ALM 127§ 12, 33, 127, 103DOC522 IA, Citizen of Commonwealth , Town of Dedham, County of Norfolk, State of Massachusetts. . He is sued in his individual and official capacity. Principal Place of Business being: Norfolk County Sheriff Office, 200 West st, P.O. Box 149, Dedham, Mass 02071

19. Defendant Deputy James Gannon, ALM gl. 124§1(b),(I,(q),(2) ; MGL ch 125,§ 2 ; Citizen of Commonwealth , Town of Dedham, County of Norfolk, State of Massachusetts. . He is sued in his individual and official capacity. Principal Place of Business being: Norfolk County Sheriff Office, 200 West st, P.O. Box 149, Dedham, Mass 02071

20. Defendant Deputy Thomas Brady, ALM gl. 124§1(b),(I,(q),(2) ; MGL ch 125,§ 2 ; Citizen of Commonwealth , Town of Dedham, County of Norfolk, State of Massachusetts. . He is sued in his individual and official capacity. Principal Place of Business being: Norfolk County Sheriff Office, 200 West st, P.O. Box 149, Dedham, Mass 02071

21. Defendant, Captain Steve Shingold, MGL ch 125§ 3, 13; Citizen of Commonwealth, Town of Dedham , County of Norfolk , State of Massachusetts. . He is sued in his individual and official capacity. Principal Place of Business being: Norfolk County Sheriff Office, 200 West st, P.O. Box 149, Dedham, Mass 02071

22. Defendant , ADS , HAS , Deputy Tara Flynn , MGL ch 125§ 3,; 103CMR§932.13 ; ALM gl 124§ 1(s),(t),(p),(q) ; ALM gl 125§2 ; Citizen of Commonwealth ,Town of Dedham , County of Norfolk, State of Massachusetts. . He is sued in his individual and official capacity.

Principal Place of Business being: Norfolk County Sheriff Office, 200 West st., P.O. Box 149, Dedham, Mass 02071

27. Defendant, MHD Anne Collins, MGL ch. 125§ 3 ,; 258CMR§12:01 ; ALM gl 112§ 130- 137 ; Citizen of the Commonwealth, Town of Dedham, County of Norfolk, State of Massachusetts. . He is sued in his individual and official capacity.

Principal place of business being: Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, Mass 02071

# STATEMENT OF FACTS

## VIII.  STATEMENT OF CLAIMS

## IX.  RELIEF

(1) **PRAYERS FOR RELIEF** , plaintiff prays that this court enter judgement granting plaintiff:

(2) The plaintiff brings this action pursuant to and authorized by:

(3) **Massachusetts Civil Rights Act ( MCRA ); ALM gl. 12§§ 11H, I**
(4) **Federal Civil Rights Act ( FCRA ) ; 42 USC§ 1983**

II

40 Plaintiff seeks money damages to redress & remedy the deprivations of their constitutional rights. Plaintiff prays for injunctive and declaratory relief against the totality of conditions & practices of the Norfolk County Jail Facility as violative of the Federal Constitution guarantees & rights of plaintiff, or will be subjected to the totality of conditions and practices of Norfolk County Jail Facility.

41 In addition, plaintiff invoke the pendent jurisdiction of this Court related, ancillary, and pendant State laws claims. Finally plaintiff seeks an award of attorney Fee's and costs pursuant to 42 U.S.C. § 1988 and ALMgl ch. 12 § 11 H, I

42 The defendants misconduct in retaliation through the Norfolk County custom of stalk to harass violated plaintiff Massachusetts Civil Rights Act ALMgl ch. 12 § 11 H, I (MCRA) employing threats, intimidation and coercion to punish plaintiff intentionally inflicting emotional distress and violating plaintiff rights to free speech, and to be free from cruel & unusual punishment under articles 16 and 26 of Mass Declaration of Rights.

43 Norfolk County Sheriff Office is a municipality corporation charged with and responsible for appointing and promoting through Sheriff, and Jail Superintendent, the members of the Norfolk County Sheriff Office (NCSO) and for the supervision, training, instruction, discipline and control and conduct of the Norfolk County Sheriff Office and it's personnel.

44 At all relevant times, Defendant Norfolk County had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their employment and to see all orders, rules and instructions and regulations promulgated for the safety, conditions of confinement were consistent with the Constitution and laws of the Norfolk County Sheriff Office.

IV

45 The plaintiff brings this action to seek money damages against the defendants unknown homo-sexuals that are named in plaintiff Eric John Duarte-Cardoza other complaints:

(a)   2382CV00386

(b)   2382CV00345

46 The defendants were unknown at the time of filing those complaints but were and are the " agents, servants and employees" of both:

(a)   Sheriff Patrick W. Mcdermott

(b)   Superintendent Danielle Frane

(c)   Norfolk County Sheriff Office

47 At all times mentioned hereinafter the defendants unknown homo-sexuals was and still is employed by Norfolk County Sheriff Office, each and all of the acts of the defendants alleged herein were done by the defendants under color of state law and pretense of the statutes, regulations, customs and usages of the State of Massachusetts and under the authority of his office as heretofore alleged in the Norfolk County Sheriff Office (NCSO) and Dedham House of Correction Jail (DHOC/J), Town of Dedham, County of Norfolk, State of Massachusetts.

48 The plaintiff Eric John Duarte-Cardoza, individually in his official capacity as the Administrator of Estate of Eric John Duarte-Cardoza brings this action against all defendants pursuant to 42 USC §1983 & 1988 to redress the deprivations under color of state law of plaintiff rights, privileges, and immunities secured by the Constitution of the United States and Massachusetts Declaration of Rights, as well as the deprivations of the rights of pre-trial detainees.

Typed.

49 Defendant Sheriff Patrick W. Mcdermott is head of corrections department, the acting Sheriff of the Norfolk County Sheriff Office (NCSO)

50 He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Dedham House of Correction / Jail. He is being sued both individually and official capacity.

51 Defendant Danielle Frane is the Jail superintendent of the Norfolk County Sheriff Office (NCSO). She is legally responsible for the operation of Dedham House of Correction Jail, and for the welfare of all the inmates in the prison. She is being Sued both individual and official capacity

52 Defendant Anne Collins is Mental Health Director of the Norfolk County Sheriff Office, she is at all times relevant the plaintiff licensed indipendent clinical social worker (LICSW) *

53 Defendant Norfolk County is legal sub division of the State of Massachusetts. The remaining defendants are all members of the Sheriff Department of Norfolk County, and are residents of the state of Massachusetts.

54 The Norfolk County Sheriff Department operates under supervision and control of Norfolk County. The defendants are investigators in Norfolk County Sheriff Dept. Their actions are and were at all times relevant, material times the actions both Norfolk County and the defendant Sheriff, and reflected the policy making & procedures of these defendants, Norfolk County operates under the supervision and control of Norfolk County, defendants conspired together to violated due process and other civil rights retaliation transfering him under

55 Civil committment pursuant ALMgl 123§18(a) for 30 day evaluation at Bridgewater State Hospital (BSH) for the third seperate incident following another major incident that was caused by excessive use of force through the municipality custom of stalk to harass ALMgl ch.265§43§43A, which over this last weekend of November 3-7, 2023. defendants severe harassment forced plaintiff to utilize crisis intervention on several seperate incidents pleading for help in extreme pain as the defendants implemented electronic weapons to cause plaintiff severe pain as they attempted to order the plaintiff to self-injure as he has been made in the past(by stabbing himself on his abdomen requiring multiple surjeries)

56 The defendants who are a paid detail at Norfolk County are responsible for several other pending commenced civil actions all from this municipality customs stalk to harass.

57 The defendants who are all agents of McdermoTT "County sheriff" and Frane "Jail superintendent" and are at all times present along with the Mental Health Director Anne Collins who these rouge agents of Frane have recently interfered with plaintiff treatment forcing Collins to breach her contract as social worker and plaintiff treatment plan which started as result to the last most recent civil action plaintiff filed against Norfolk County.

58 The defendants continue to sexually abuse the plaintiff, but has been notoriously raping female staff as they make plaintiff watch most recently they have targeted Collins, so bad that she wasnt able to meet with plaintiff for last 3 weeks breaching contract

59  The defendants raped MHD Collins over this last weekend 3 times and they started when plaintiff was being held in Medical on "crisis intervention MH watch" from Nov 4- Nov 6, 2023 Started targetting Collins & another social worker Ashley Hanneken while they are in there offices, as they made plaintiff witness.

60  The defendants continue to inflict emotional distress severely through this stalk to harass ALMgich 265§43,43A; forcing the plaintiff to go on MH watch 103DOC650.09(J) from the November 5-8, 2023 the subsequently transfered to BSH.

61  Plaintiff filed §1983 claim against defendants Norfolk County for municipality custom stalk to harass, in retaliation defendants employed excessive force against plaintiff, then re-assigned plaintiff to isolation MH watch for 2 days then retaliation transfered to BSH pursuant ALMgi 123§18(G) in violations plaintiff transfer might well dissuade a reasonable person in same situation or similar circum stances from filing anothe 42USC§1983.

62  Defendant Norfolk County decision was motivated to transfer, following the excessive force, in part by plaintiff filing numerous 42USC§1983 claims or plaintiff would not have been transfered but for his filing a 42USC§1983 claim a goverment official took adverse actions against him that would chill a person ordinary firmness from continuing activities

63  Defendants Mcdermott, Frane, Collins, Norfolk County, Flynn acted in concert and without authorization of law, willfully, knowingly and purposely, with specific intent of depriving plaintiff his First amendment to United States Constitution, Massachusetts Declaration of Rights Article 16

64  All of the acts done by Mcdermott, Franz, Collins, Flynn, Norfolk County were done to punish plaintiff for writing 42 USC§ 1983 claims, as result violating both:

(a) Massachusetts Civil Rights Act; AL Mgr 12§11 H, I
(b) Federal Civil Rights AcT; 42 USC§ 1983

65  While being under color of State of Massachusetts law in retaliation employed threats, intimidation and coercion these acts done by the Sheriff Patrick Mcdermott, and his agents Norfolk County violated plaintiff right to exercise freedom of speech as guarantees to them by the Constitutions of Massachusetts and United States.

66  The acts and laws done by defendants Norfolk County were in excess of any authority granted them by law, and were without justification or excuse of law.

67  Defendants Norfolk County acted in concert and without authorization of law, willfully, Knowingly and purposely, with the specific intent to depriving plaintiff of his first amendment United States Constitution

68  The acts of defendants did, in fact, deny the plaintiff his first amendment rights are secured to plaintiff by the provisions of the due process clause of the fourteenth amendments to the Constitution of the United States and by 42 USC§ 1983 and the statutes and laws of State of Massachusetts.

69  As result of the foregoing acts committed against plaintiff by defendants plaintiff sustained injury to their reputation, humiliation and embarassment Plaintiff has no adequate remedy at law.

20 The defendants unknown homo-sexuals are directly responsible for interfering with plaintiff treatment and causing Collins to breach contract out of Jealousy and her safety as they continue to be making plaintiff witness them raping every female plaintiff thinks about and because Collins is the only one plaintiff talks with these rouge agents of Frane as bullying, harassing and Sexually abusing MHD Collins and intentionally inflicting emotional distress by making the plaintiff witness this behavior.

21 The defendant Collins has also begun participating in behavior that is considered sexual abuse as she makes plaintiff witness her having sex, or being forced by numerous guys at same time making the plaintiff watch, a couple of other times LICSW, Ashley Hannelon also is present and she has also become a major target by these rouge agents of Frane all responsible for numerous Kidnapping, beatings, assaults, rapes and holding females hostage in Make shift Jails somewhere rumored to be Frane's basement thes rouge agents are being allowed access to Frane security clearance to access secret confidential files on numerous citizens of United States.

22 The defendants unknown homo-sexuals constantly stalk to harass plaintiff while being held at BSH, as all the staff members are well aware that for some reason after the plaintiff thinks something it is also heard via voice 2 god communications all these staff members are aware of this problem yet nobody does anything to address fixing the problem making the Department of Correction and the WellPath Medical, LLC responsible for not following required protocols for sexual prevention pursuant 103DOC519; 28CFR 115 This is third evaluation as results to Frane's agents stalk to harass municipality customs, and unknown homo-sexuals.

DefendantSheriff Patrick W.McDermott is ksBax head of corrections

73 The plaintiff is being stalk to harassed by supervisors of NCSO while being in Bridgewater State Hospital since November 07, 2023 to prove that plaintiff claims are substantuated these allegations have been getting made since Sep 2021 which rose to level of public concern these allegations are being made by plaintiff to all the officials wherever the plaintiff is and has been since Sep 2021

74 These agents are responsible for countless rapes and gang-rapes of
      (1)  Captain Kelly Cosgrave-Jenks
      (2)  Superintendent Danielle Franel
      (3)  MHD Anne Collins
      (4)  LICSW, Ashley Hanneken

75 on a daily basis since Sep 2021, these people are playing some kind of game where they get plaintiff to lust over one of them and then they all go and gang-rape someone thats either 1 of them or possibley they claim it to be 1 of several of plaintiff friends or family members.

76 The defendants really started inflicting distress on plaintiff before being transferred to Bridgewater as MHD Collins kept being attacked prompting plaintiff to start screaming for the staff as it turns out to really of been Ashley Hanneken being targetted while in her office on November 6-8, 2023

77 This behavior of defendants continues to escalate as before they never targetted Collins who is also a defendant in all these claims for not following any required protocols as plaintiff continues to report all these claims over the last 2½ years the main guy responsible for all this misconduct set-up Collins & Jenks from Sep 2021 through May 2022 making them guilty so they couldn't report any of these claims over Franes head because she is who's responsible for inflicting all this misconduct.

78 The defendants unknown homo-sexuals were unidentifiable in some of my other civil complaints, because there stalking to harass plaintiff through electronic comm device he can't tell who they are besides it being the supervisors of that shift of the Jail the Norfolk County Sheriff Office (NCSO) is a club house for the friends and agents of Superintendent Frame as she has been notorious for getting all female staff members raped by male staff members as well as friends of the male staff members.

79 The defendants unknown homo-sexuals are responsible for searching out all of the plaintiff family members and friends kidnapping and raping numerous of them including sister and mother.

80 The plaintiff has only 1 friend he talks to in this world while in this Jail and since September 2021, this 1 person is MHD Anne Collins and besides that plaintiff doesn't write, call or attempt to contact anybody else the defendants literally hang over the plaintiff shoulders all day and night stalk to harass through electronic comm device that the plaintiff has been trying to notifying local authorities for a very extended period of time since Sep 2021 through present day.

81 The plaintiff has numerous witnesses to this behavior being that it is a NCSO custom to allow everybody access to this download enabled to allow all staff and inmates at NCSO access to technology that has plaintiff conscious connected to it allowing everybody in the Jail access to hear everything plaintiff thinks along with a application to their tablets they can watch what the plaintiff is actually thinking, as plaintiff would sit at his desk doing law work looking out his window as people could be going to and from there cars they are talking back to the thoughts of plaintiff on there phones this will all be proven at trial because Frame is directly responsible.

82 The defendants unknown homo-sexuals just threatened Collins that when I go back to NCSO there going to attack Collins to teach me a lesson for thinking about Collins and because I'm an inmate another unknown female yelled at Captain Jack Kilvain, Jr and told him to get this guy away from the female staff members there.

83 Wherever all these people are they continue to rape females that are allegedly being held hostage possibley there plaintiff friends ( possibley sister Genie Duarte) the plaintiff thinks that all it is about is trying to get the plaintiff to kill all these kids that are connected to this network connected to plaintiff brain. On this network thats connected to the conscious of plaintiff brain on a daily basis since being transfered to BSH.

84 The defendants at NORFOLK County have been served over 10 sepevate civil actions regarding mistreatment and conditions of confinement through this municipality custom of stalk to harass. ALMgl ch. 265 § 43, 43A from Sep 2021 through present day Nov 2023.

85 The plaintiff has requested this honorable Court to petition the goverment for redress and label plaintiff a critical witness ALMgl ch. and petition the goverment for witness protection services, to hide from these rouge agents of Frane & NCSO who are constantly attempting to extort the plaintiff from the settlement purse thats going to be awarded following these complaints against NCSO.

86 The defendants have begun attacking Collins in her office in Medical Unit when plaintiff was on "Crisis intervention MH watch" on the day I was being transfered to BSH, November 07, 2023 when they delivered the lunch trays at 11 AM someone was forcing themselves on her She said "no" and "get away from me" prompting plaintiff to call staff to check on her which in return caused him to start acting like he.

## IV

### STATEMENT OF CLAIMS

### COUNT # 1    DUE PROCESS

87    Plaintiff restates and re-alleges paragraphs 1 through 86 of count #0 as paragraphs 1 through 87 of count # 1, in this complaint.

88    The actions of the individuals in the false imprisonment and placing the plaintiff on mental health watch crisis intervention on November 5, 2023 through November 8, 2023 deprived the plaintiff of his civil rights by:

(a) failing to accord the plaintiff due process in regard to his property interests in his living conditions

(b) failing to afford the plaintiff due process in regard to his rights to be free from taint in his reputation, good name, honor and integrity; and

(c) Depriving plaintiff of his protected first amendment free speech rights

89    The actions of the individuals in the assault and battery through energy weapons, and then forcing plaintiff into duress through the municipality custom of stalk to harass to utilize "crisis intervention" and being placed on mental health watch from Nov 5 - Nov 8, 2023 deprived the plaintiff of his property rights in the emoluments and deprived pre-requisites of his (employment) conditions of confinement, including the Massachusetts Civil Rights Act ALMgl ch. 12§ 11H, I and through 42 USC § 1983 Federal Civil Rights Act while under color of state law.

90    Plaintiff complied with 103CMR 491; ALMgl ch 127§ 38E,F and ALMgl ch. 258§4 Statutory and regulatory provisions & administrative remedies. by directing a letter to the Attorney General Office, State of Massachusetts setting forth details of the within claims. No response to this claim has been forthcoming

91    By reason of the wrongful actions of the defendants as aforesaid, Plaintiff sustained damages of $amount court deems no part has been paid. will make whole again or alternative $100,000,000.00

Count # 2

92 Plaintiff restates and re-alleges paragraphs 1 through 91 of count # 1 as paragraphs 1 through 92 of count # 2, 1 of this complaint.

93 On November 21, 2023 the plaintiff caused a written verified notice of claim to be filed with and served on the proper offenses, agents, and employees of the defendant Norfolk County, County sheriff and Jail Superintendent pursuant to the claims statutes governing these cases. A true and correct copy of the notice is attached to this complaint and incorporated by reference in it as exhibited.

94 Plaintiff claims has been denied by operation of law because more than 180 days elapsed since the service of the NOTICE OF CLAIM presentment letter pursuant ALMgl ch 258§4 and adjustment or payment of the Claim has been neglected or refused!

95 The acts and conduct alleged above constitute actionable torts under the laws of the State of Massachusetts, including the Tort of:

   a) False arrest and imprisonment

   b) Assault & Battery

   c) malicious Prosecution

   d) abuse of process

   (e) negligence, and

   f) gross negligence

   g) stalk to Harass

96 Plaintiff restates and re-alleges paragraphs 1 through 96 of count #2 as paragraphs 1 through 96 of count # 3 , in this complaint.

97 The actions and omissions described above, engaged in under color of state law and authority by defendants NORFOLK COUNTY, SHIFT COMMANDER on November 3,4,5 2023 COUNTY SHERIFF, JAIL SUPERINTENDENT ( including Norfolk County as a person and responsible because of its authorization condonation, and ratification of the acts of its agents) deprived the plaintiff of rights secured to Eric J Duarte by the Constitution of the United States, including but not limited to the plaintiff

a) First Amendment right to freedom of expression

b) Fourth Amendment right to be free from unlawful seizure of Eric J Duarte persons

c) Fifth and Fourteenth amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and

d) fourteenth amendment right to be free from cruel & unusual punishment,

98 Plaintiff re-states and re-alleges paragraphs 1 through 97 of count #3 as paragraphs 1 through 98 of count # 4, of this complaint.

99 The failure of the NCSO and Sheriff to adequately train, supervise, discipline or in any other way control the behavior of the defendants in the exercise of their police functions, and their failure to enforce the laws of the State of Massachusetts, and the regulations of the NCSO is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of Sheriff and Jail Superintendent.

100 The failure of Jail Superintendent and the Sheriff to train, supervise, discipline, or in any other way control defendants in the exercise of their police functions, and their failure to enforce the laws of the State of Massachusetts and the regulations of the NCSO was and is carried out willfully, wantonly and maliciously and with such regard for the consequences as to display a conscious disregard for the dangers of harm and injury to the Citizens of Massachusetts including plaintiff Eric John Duarte - Cardoza

101 The injuries sustained by plaintiff resulted from the negligence of defendant NCSO in employing and continuing to employ without adequate training and supervision, sheriff deputies of violent character, unsuitable temperament, and insensitive disposition.

COUNT # 5

Plaintiff restates and re-alleges paragraphs _____ through _____ of count _____ as paragraphs _____ through _____ of count _____, of this complaint.

As a direct and proximate result of the adverse actions above described unlawful and malicious acts of defendants sheriff deputies, all committed through threats, intimidation and coercion in retaliation, all committed under color of their authority as sheriff deputies, and while acting in that capacity.

Plaintiff suffered grievous bodily harm and emotional damage, all of which is in violations of his rights under the laws and constitution of the United States and Massachusetts, in particular the parallel claims of articles 16 and 1st amendment rights to free speech, fourth, fifth and fourteenth amendments of USC, Mass DOR articles 1, 10, 12, 14, 26 thereof and 42 USC § 1983, 85 and 1988 with the MCRA ALMgl ch. 12 § 11 H, I.

As further result of the above described bad acts, plaintiff Eric J Duarte was deprived of his rights and immunities secured to him under the Constitution and laws of the United States and State of Massachusetts including, but not limited to him rights under the fourteenth amendments to be secure in his persons parallel with 14 article Mass DOR, to be free from punishment without due process of law 14 amendment USC; mass DOR article 26, and to equal protection of the laws under 14 amendment of USC; Mass DOR amended articles CVI

As proximate result of defendants actions, plaintiff was greatly humiliated, injured in his reputation, became sick, sore and disabled, and has suffered great pain and mental anguish, all to plaintiff damage in the sum of $ 100,000,000.00 jointly and severally all defendants or amount court deems will make whole again

count #6

# FALSE IMPRISONMENT

107 Plaintiff restates and re-alleges paragraphs through of count # as paragraphs through of count # , of this complaint.

108 Defendant Sheriff deputies, acting as agents and on behalf of defendants NCSO, within the scope of their employment, wrongfully, maliciously, and unlawfully placed Plaintiff on mental health watch with no property, without consent as punishment transfered him in retaliation to medical unit deprived him from all property interests.

109 As a proximate result of defendants unlawful arrest and false imprisonment plaintiff was greatly humiliated, injured in his reputation, became sick, sore and disabled, and has suffered great pain and mental anguish, all to plaintiff damage in sum of .

$

Court deems will make whole again or alternative
$ 100,000,000.°° jointly and severally all defendants

count #7                    ASSAULT & BATTERY

Plaintiff restates and re-alleges paragraphs _____ through _____ of count # _____, as paragraphs _____ through _____ of count # _____, in this complaint.

The defendant sheriff deputies, acting as agents and in behalf of defendant, NCSO within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff by electronic comm device direct-energy weapons then failed to investigate, allow plaintiff to report these claims and forced plaintiff to call emergency 'Crisis intervention' or stab himself bribing plaintiff to 'self injure.

As a proximate result of defendants assaultive actions, plaintiff was greatly humiliated, injured in his reputation, became sick, sore and disabled, and has suffered great pain and mental anguish all to plaintiff damage in the sum of

$ _____

court deems will make whole again or in alternative amount of $100,000,000.⁰⁰ jointly and severally each defendant

Count # 8

FCRA; ALMgi 12 §11H, I
FCRA; 42 USC § 1983

113  Plaintiff re-states and re-alleges paragraphs 1 through 112, of count # 7 as paragraphs 1 through 112, of count # 8, of this complaint.

114  The defendants Norfolk County municipality custom stalk to harass while under color of law in retaliation through threats, force or duress over the weekend of November 3-6, 2023 caused plaintiff to utilize "crisis intervention" on 5 seperate occasions 103 DOC 650.09(J) Posed substantial risk of serious harm deliberately indifferent to health and safety of plaintiff Eric J Duarte rights constitute protected free speech, cruel & unusual punishment under the 1, 4, 5, 14 amendment to United States Constitution Massachusetts Declaration of Rights Articles 16, 26.

Count # 9        (MCRA) ALMgi ch 12 §11H, I (FCRA) 42 USC § 1983
        ALMgi ch. 265 § 43, 43A   MUNICIPALITY CUSTOM
115  Plaintiff restates and re-alleges paragraphs 1 through 114, of count # 8 as paragraphs 1 through 115, of count # 9, of this complaint.

116  The defendants Norfolk County municipality custom of stalk to harass in retaliation while under color of law violates both;
    (1) (MCRA)  ALMgi 12 §11H, I
    (2) (FCRA)  42 USC § 1983
through the 1, 4, 5, 14 amendments to Constitution of the United States; Massachusetts Declaration of Rights
        Articles 1, 10, 12, 14, 16, 26

EQUAL PROTECTION CLAUSE of USC

Amended Article CVI Mass DOR  EQUAL PROTECTION

COUNT # 10    Retaliation Transfer  ALMgi ch. 12 §§ 18(a) Nov 7, 2023

(MCRA) ALMgi ch. 12 § 11H, I    (FCRA) 42 USC § 1983

117  Plaintiff re-states and re-alleges paragraphs 1 through 116, of count # 9 as paragraphs 1 through 116, of count # 10, of this complaint.

118  The defendants Norfolk County retaliation transfer to BSH on Nov 7, 2023 is in violation of both:
(MCRA) ALMgi 12 § 11H, I
(FCRA) 42 USC § 1983
through the 1, 4, 5, 14 amendments United States Constitution Mass Declaration of Rights Articles 1, 10, 12, 14, 16, 26.
(MCRA) ALMgi ch 12 § 11H, I    (FCRA) 42 USC § 1983

COUNT # 11    MH WATCH CRISIS INTERVENTION  Nov 5-7, 2023

119  Plaintiff re-states and re-alleges paragraphs 1 through 118 of count # 10 as paragraphs 1 through 119 of count # 11, in this complaint.

120  The defendants NCSO, et al violated by placing plaintiff on "mental health watch crisis intervention" from Nov 5-7, 2023 both the:
(MCRA) ALMgi 12 § 11H, I
(FCRA) 42 USC § 1983

in retaliation while under color of state law through the:
1, 4, 5, 14 amendments United States Constitution
Massachusetts Declaration of Rights Articles 1, 10, 12, 14, 16, 26.

Count 12

121  Plaintiff restates and re-alleges paragraphs 1 through 120 of count 11 as paragraphs 1 through 121 of count # 12, of this complaint.

122  The defendants NCSO, et al sex discrimination violated plaintiff Eric J DUARTE Rights constitutes cruel & unusual punishment, equal protection of law under the 14 amendment USC.

WHEREFORE, plaintiff Prays this Court grants following:

A) The plaintiff Eric John Duarte as Administrator of the Estate demands following relief both jointly and severally against all defendants:

i) A declaratory judgment that the policies, practices and acts complained of are illegal and unconstitutional

2) declare and adjudge the section 18(a) ALMglch 123 evaluation for 30 days at BSH a violation of both State & Federal Civil rights Acts through the 1, 4, 5, 14 amendments United States Constitution; Mass Declaration of Rights Articles 1, 10, 12, 14, 16, 26.

3) A preliminary and permanent injunction against Mcdermott, Franz, Collins, Flynn, Norfolk County enjoining them from implementing the 11th amendment USC sovergn immunity and award damages for plaintiff in negligence, gross negligence in compensatory damages amount court deems will make whole again for all parties, and award punitive damages against all defendants except NORFOLK County for the intentional, willful misconduct or alternative $100,000,000.00

4) Declare and adjudge all counts guilty against all defendants Mcdermott, Franz, Collins, Flynn, Norfolk County

5) Declare and adjudge Norfolk County municipality custom stalk to harass illegal and unconstitutional and violates both state & federal civil rights acts MCRA; ALMgl 12§11H, I FCRA; 42USC § 1983 through 1, 4, 5, 14 amendments United States Constitution; Massachusetts Declaration of Rights Articles 1, 10, 12, 14, 16, 26

A) Declare and adjudge the conduct of the defendants to have violated plaintiff rights to neutral treatment and to constitute discrimination under 42 USC § 1983 and 14 amendment USC and Mass state law to equal protection.

6) Declare and adjudge plaintiff utilizing crisis intervention on November 3-7, 2023 in duress as result defendants stalk to harass municipality custom a violation of both

(MCRA) AL Mgl ch 12 § 11H, I

(FCRA) 42 USC § 1983

through the 1, 4, 5, 14 amendments United States Constitution Massachusetts Declaration of Rights Articles 1, 10, 12, 14, 16, 26.

7) Declare and Adjudge Norfolk County municipality custom of stalk to harass illegal and unconstitutional and enjoin a preliminary and permanent injunction barring them from implementing it.

8) Award plaintiff compensatory damages against all defendants in amount court deems will make whole again, jointly and severally each count

9) Award plaintiff Punitive damages against all defendants in amount court deems will make whole again, jointly and severally each count except Norfolk County for intentional and willful acts.

10) Grant such other and further relief as this Court may deem appropriate, including costs and reasonable attorney fee's pursuant 42 USC § 1988 & AL Mgl 12 § 11 I

I, Eric John Duarte, do hereby declare under penalty of perjury this information to be true and accurate on this 21 day in month of Nov in the year of thy Lord 2023

# VI    INJUNCTION RELIEF

This Court is authorized pursuant Mass R. Civ Procedure Rule 65

1) Declare and adjudge a preliminary and permanent injunction against Norfolk County, Sheriff Mcdermott, Superintendent Danielle Frane from keeping the plaintiff incacerated at Norfolk County Sheriff Office while he awaits trial being held with no bail.

2) Declare and adjudge the defendants in civil contemp and order the attorney general office to order the F B I to investigate the plaintiff claims of direct energy weapons being used on plaintiff.

3) Declare and adjudge a preliminary and permanent injunction from allowing Frane, Mcdermott and there agents from the municipal custom of stalk to harass plaintiff through electronic comm device in which they stalk to harass plaintiff from minute he awakes until the minute he goes to sleep.

4) Restrain the plaintiff from being housed at NCSO, and release him on his own personal recognizance to await trial for his pending criminal charges.

5) Enjoin the defendants from both being employed at NCSO, as well as attempting to contact plaintiff through but not limited to electronic comm device, this includes there agents that are assigned all 3 shifts of the day to stalk to harass plaintiff.

## JURY DEMAND

Plaintiff Eric John Duarte-Cardoza, pro se, demands a trial by jury on all claims and issues so triable in this complaint.

I, Eric John Duarte-Cardoza do hereby declare under penalty of perjury this information to be true and accurate on this twenty first day in month of November in year of thy Lord 2023, from: Bridgewater State Hospital 20 Administration Road, Bridgewater, MA 02324

DATED: 11/21/23

RESPECTFULLY SUBMITTED,

Eric J. Duarte # 22648 Pro Se

Norfolk County Sheriff Office

P.O. Box 149 , 200 West Street

Dedham , MA. 02071

Bridgewater State Hospital
20 Administration Road
Bridgewater , MA 02324

VERIFICATION

I have read the foregoing complaint and hereby verify that all matters alleged herein are true , except as to matters alleged on information and belief , and , as to those , I believe them to be true. I certify under penalty of perjury that foregoing is true and correct.

Executed , subscribed and sworn to on 11/21/23 , executed from :

Norfolk County Sheriff Office

200 West Street , P.O. Box 149

Dedham , MA 02071

Bridgewater State Hospital
20 Administration Road
Bridgewater, MA 02324

Pro Se Eric J. Duarte # 22648

I, Eric J. Duarte verify under pains and penalty of perjury that the facts stated herein are true and accurate to the best of my knowledge signed on this ----- day of month of ------- in the year of our lord 2023.                21              NOVEMBER

I, Eric J. Duarte # 22648 Pro Se, do hereby certify that I made service of a copy of the summons and complaint, in the above referenced matter on this -21- day in the month of --Nov-- in the year of 2023 via : FIRST CLASS MAIL to following defendants cited in this case:

Sheriff Patrick W. Mcdermott        Superintendant Danielle Frane

Norfolk County Sheriff Office       Norfolk County Sheriff Office

200 West Street, P.O.Box 149        200 West Street, P.O.Box 149

Dedham, MA. 02071                   Dedham, MA. 02071


Executive Office of Public Safety & Security

Andrea Campbell

Attorney general Office

One Ashburton Place

Boston, MA. 02108

**VII.**

CERTIFICATE OF SERVICE

I, Eric John Duarte-Cardoza do hereby certify under penalty of perjury that on this day I did cause a true copy of the above verified complaint, along with all supporting documents, to be mailed via First Class Mail Registered, prepaid, to defendant's listed below on this twenty-first day in month of November in the year of thy Lord 2023

NORFOLK SUPERIOR COURT
650 High Street
Dedham, MA 02169

United States District Court
One Courthouse Way, Suite 2300
Boston, MA 02108

ERIC B MACK, P.C.
Littler Mendelson
1 Fncl Plz, Suite 2500
Providence, R.I 02903

ATTORNEY General Office
ONE ASHBURTON PLACE
McCormack Building
Boston, MA 02108

JURY DEMAND

Plaintiff Eric John Duarte-Cardoza, pro se, demands a trial by jury on all claims and issues so triable in this complaint.

11/21/23
ERIC T DUARTE

11/21/23

Pro Se    ERIC JOHN DUARTE - CARDOZA    11/21/23
BRIDGEWATER STATE HOSPITAL
20 Administration Road
Bridgewater, MA 02324